**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BARTLEY PIRINO JR.,** | : | **No. 3:04cv698** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **ALLSTATE INSURANCE COMPANY,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Presently before the Court for disposition is Defendant Allstate Insurance Company's motion to preclude evidence of criminal charges against the plaintiff. For the reasons that follow, we will grant the motion in limine.

### I. Background

Plaintiff Bartley Pirino, Jr. purchased Allstate Landlords Package Policy Number 0019000947 ("the policy") to provide coverage for the building located at 1316-18 Vine Street, Scranton, Pennsylvania ("the property"). The policy included the following provision:

> Losses We Do Not Cover Under Coverages A and B:
> We do not cover loss to the property . . .consisting of or caused by:
> 9. Intentional or criminal acts of or at the direction of any insured person, if the loss that occurs:
>    a) may reasonably expect to result from such acts; or
>    b) is the intended result of the acts.

(Id. at 13-14).

The property was a two family home, split into two blocks, the 1316 side and the 1318 side. On February 13, 2003, at approximately 11:15 P.M., a fire occurred on the 1316 side of the property.

Plaintiff submitted a claim, which Allstate denied because it determined that Plaintiff's intentional acts caused the fire. On January 22, 2004, Plaintiff filed the instant complaint to recover under the policy. Defendant filed a counterclaim alleging that Plaintiff violated the Pennsylvania Insurance Fraud Statute. 18 U.S.C. § 4117. On February 9, 2004, the Lackawanna County District Attorney's Office instituted charges against Plaintiff for arson and insurance fraud. A preliminary hearing was held on April 5, 2004, and thereafter the magistrate dismissed the charges without a written opinion or explanation. The criminal charges have not been re-filed.

**II. Discussion**

We find that the evidence of the criminal charges and their subsequent dismissal after a preliminary hearing is inadmissible. "The general rule is that the record in a criminal proceeding is inadmissible in evidence in a civil suit." Galbraith v. Hartford Fire Ins. Co., 464 F.2d 225, 227 (3d Cir. 1972) (holding that evidence of non-prosecution for arson is inadmissible in a civil case where the insurance company claims the insured intentionally set the fire); American Home Assurance Co. v. Sunshine Supermarket, Inc., 753 F.2d 321, 325 (3d Cir. 1985) (same). "The inadmissibility of evidence of non-prosecution also comports with the general rule that evidence of an acquittal in a criminal arson case is inadmissible in a civil arson case." American Home Assurance, 753 F.2d at 325. The evidence of the disposition of the criminal case is highly prejudicial because it goes to the principal issue in the case. Furthermore, it has minimal probative value. First, the preliminary hearing

transcript provides no reason why the charges were dismissed.  Second, the disposition of the preliminary hearing was not a final adjudication on the merits.  Dismissal at a preliminary hearing leaves the prosecutor free to reinitiate charges.  See Stewart v. Abraham, 275 F.3d 220, 228 (3d Cir. 2001).  The evidence demonstrates solely that a magistrate deemed the prosecution failed to meet its burden to establish a *prima facie* case, and the prosecution declined to reinitiate the charges.  "The rationale for excluding such a dismissal or acquittal from evidence in a civil trial is obvious. While a conviction can be considered a judicial determination of guilt, a dismissal, acquittal, or failure to prosecute may simply reflect an inability to meet the requisite burden of proof.  The danger that a jury will accept a non-conviction as determinative outweighs any probative value that such evidence may hold." Bounds v. Taylor, 77 Fed. Appx. 99, 107 (3d Cir. 2003) (quoting Cunningham v. Washington Gas. Light, No.CIV.A. 86-2392, 1988 WL 90400, at *1 (D.D.C. Aug. 11, 1988)) (holding that the district court properly precluded evidence of a criminal acquittal in a subsequent civil case).  Therefore, we will grant the motion in limine and preclude evidence of the criminal charges and the dismissal after a preliminary hearing.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BARTLEY PIRINO JR., | : | **No. 3:04cv698** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **ALLSTATE INSURANCE COMPANY,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**ORDER**

**AND NOW**, to wit, this 31st day of March 2006, it is hereby **ORDERED** that Defendants' Motion to Exclude evidence of criminal charges filed and dismissed against Plaintiff is hereby **GRANTED**. Neither party shall introduce evidence of the charges or their dismissal.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**